**Salvador Pereira ALDANA; Dianeth J. Pereira, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 17, 2004.

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Patrick Shen, Office of Immigration Litigation Civil Division, Allen W. Hausman, Attorney, Washington, DC, for Respondent.

Before: RYMER and HAWKINS,

818

Circuit Judges, and BREWSTER,* District Judge.

MEMORANDUM **

Substantial evidence does not support the Immigration Judge's ("IJ's") adverse credibility finding. Although Pereira Aldana misidentified his persecutors in his original asylum application, the IJ failed to consider his plausible explanations for the inconsistency. *Osorio v. INS,* 99 F.3d 928, 932 (9th Cir.1996). Pereira Aldana credibly explained that the preparer of the asylum application did not read the contents of the application to him. As Pereira Aldana could not read English at the time, he was unaware of any discrepancy. Pereira Aldana's attorney also suggested that the preparer was a rather notorious "notario," an explanation corroborated in *Alvarez–Santos v. INS,* 332 F.3d 1245, 1247–48, 1254 (9th Cir.2003), involving the same document preparer, Maurice Castellon. There, we noted "[i]nconsistencies due to an unscrupulous preparer, without other evidence of dishonesty ... do not provide a specific and cogent basis for an adverse credibility finding." *Id.* at 1254 (citations omitted). Because the IJ found Pereira Aldana's testimony consistent with his supplemental statement for asylum and his asylum interview, and no other credible basis was cited to support the credibility determination, it cannot stand.

Once Pereira Aldana credibly testified about his fear of the Guatemalan military, the IJ erred by requiring production of corroborating evidence. *Salaam v. INS,* 229 F.3d 1234, 1239 (9th Cir.2000). Even if corroborating evidence were somehow required, it was unreasonable for the IJ to expect Pereira Aldana to produce documents from family members in Guatemala and Mexico. *Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000) (evidence from outside the U.S. "is almost never easily available," and thus not required to corroborate asylum claim).

The IJ also determined that changed country conditions in Guatemala justify denial of Pereira Aldana's claim. Because the IJ did not provide the required individualized analysis of how changed conditions will affect the specific petitioners' situation, *see Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998), we remand to the BIA for a proper determination of this issue.

Petitioners' argument that streamlining credibility determinations violates Due Process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED.**

RYMER, CJ, concurring.

I concur because Ninth Circuit precedent, *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003), controls the credibility issue in this case. However, were I free of that constraint, I would hold that the Immigration Judge acted well within his discretion in finding Pereira–Aldana's testimony incredible. The fact that he named ORPA guerrillas as his persecutors in his 1993 asylum application but named the Guatemalan military as his persecutors in his 1999 supplemental declaration and 2001 testimony is central to Pereira–Aldana's account of persecution and goes to the heart of his asylum claim. *See Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990) (switching accounts suf-

---

* The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fices to support adverse credibility determination). While Pereira–Aldana offered an explanation for the difference—that the notario got it wrong and didn't read what was written down back to Pereira–Aldana—he had no sensible explanation for why the notario would have fabricated critical elements of Pereira–Aldana's account. In these circumstances, the IJ was not compelled to find that the explanation was plausible.